GAURAV BOBBY KALRA, SBN 040450
bkalra@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
Two N. Central Avenue, Suite 2200
Phoenix, AZ 85004
Telephone:    (808) 476-8833
Facsimile:    (602) 265-4716
E-mail: bkalra@grsm.com

Attorneys for Defendants,
JASON BARRIOS and
SEQUEL INSURANCE SERVICES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| AssuredPartners of Arizona, LLC, <br><br>    Plaintiff, <br><br>    v. <br><br>Jason Barrios and Sequel Insurance Services, Inc., <br><br>    Defendants. | Case No. CV-25-03849-PHX-DJH <br><br>**DEFENDANTS' OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF** <br><br>Judge: The Honorable Judge Diane J. Humetewa <br><br>Hearing Date: October 20, 2025 <br>Time: 3:30 PM <br>Department: Courtroom 605 |

Defendants Jason Barrios and Sequel Insurance Services, Inc. ("Sequel") (collectively, "Defendants") submit this opposition to AssuredPartners of Arizona, LLC's ("Plaintiff") Motion for Temporary Restraining Order and Preliminary Injunctive Relief.

Summary of Argument:

The Motion should be denied for the following reasons:

1. There is no clear evidence of trade secret misappropriation related to the transfer of a group of insureds from Plaintiff to Defendants. In contrast, it has been determined that broker of record letters, or transfer requests, do not require any non-public information for the captive group.

2. The subject contract is not with Plaintiff but an apparently related California entity, raising an issue of standing. Related, Defendant Sequel is a California employer and has established an employer-employee relationship with Defendant Barrios. California's clear directives as to the unenforceability of non-compete agreements, regardless of where they are signed or the domicile of the employee if the agreement involves a California employer, likely override the legal authorities cited by Plaintiff. To grant the preliminary orders may be asking this Court to order a California employer to violate clear California law as to its employer-employee relationship. Therefore, this legal issue requires full briefing with appropriate notice periods.

3. The Court should consider exercising significant deference to a group of insureds choosing their own insurance broker, or servicing company. It is generally not the role of a Court to interfere at any time, and particularly on shortened notice, when monetary damages are a readily available option and an appropriate remedy. A Court should exercise significant reservation ordering injunctive relief that requires realignment of a non-party with respect to the election of its professional-services provider.

Factual Background:

Individual Owen Taylor sold his company to AssuredPartners[1] several years ago (Declaration of Owen Taylor ("Taylor Decl."), at Paragraph 2). After working as an employee for AssuredPartners for a few years, he left to lawfully start a new company, Defendant Sequel (Taylor Decl., Paragraphs 5-8). Owen Taylor has acted as a general mentor to Defendant Barrios for several years and they regularly communicate as to issues related to captive insurance programs, an area of Mr. Taylor's expertise (Taylor Decl., Paragraphs 9-12) (Declaration of Jason Barrios ("Barrios Decl."), at Paragraph 7).

---

[1] The use of the term "AssuredPartners" in contrast to Plaintiff is intentional as Plaintiff is an Arizona company and the technical contracting party with defendant Barrios with respect to his employment agreement was apparently not Plaintiff but a California entity, relevant to the enforceability of the non-compete. Defendants attempt to use each term with precision.

- 2 -

DEFENDANTS' OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF

Owen Taylor has over forty years of insurance industry experience and over thirty years of experience with captive insurance programs (Taylor Decl., Paragraphs 4, 9, 14, 15, and 16). Taylor and Defendant Barrios developed a captive program that target delivery drivers, a primary "book of business" for Defendant Barrios (Taylor Decl., Paragraph 16). In August 2025, AssuredPartners sold to a third-party entity and Defendant Barrios did not feel his compensation provisions were honored (Barrios Decl., Paragraph 4). After resigning with AssuredPartners and joining Defendant Sequel, almost all insureds within the specific delivery driver captive requested that their broker of record affiliation move from AssuredPartners to Defendant Sequel (Barrios Decl., Paragraphs 9-10). In addition to these clients, or insureds, affirmatively electing their service provider, a few employees indicated they wanted to work for Defendant Sequel (Barrios Decl., Paragraph 15). In light of insureds leaving AssuredPartners, Plaintiff filed a lawsuit and sought a temporary restraining order to have this Court intervene on the basis of alleged trade secret misappropriation and corollary common law and contractual claims.

As to the complaint, Plaintiff filed a lawsuit against Defendants arising from Defendant Barrios leaving employment with Plaintiff and working for a California-based company, Defendant Sequel. Plaintiff asserts that the employment move to Defendant Sequel violates applicable law related to trade secrets and Defendant Barrios' contractual obligations. The lawsuit was just filed and Plaintiff concurrently filed the subject motion for a temporary restraining order. The lawsuit alleges nine counts: (1) Misappropriation of Trade Secrets in Violation of the Defendant Trade Secrets Act (against all Defendants); (2) Misappropriation of Trade Secrets in Violation of the Arizona Uniform Trade Secret Act (against all Defendants); (3) Breach of Contract (against Defendant Barrios only); (4) Breach of the Covenant of Good Faith and Fair Dealing (against Defendant Barrios only); (5) Tortious Interference with Contractual Relations (against Defendant Sequel only); (6) Breach of Fiduciary Duty and the Duty of Loyalty (against Defendant Barrios only); (7) Aiding and Abetting Breach of Fiduciary Duty and the Duty of Loyalty (against Defendant Sequel only); (8) Unjust Enrichment (against all Defendants); and (9) Tortious Interference with Business Expectancy (against all Defendants) (the "Complaint").

<u>Argument</u>:

DEFENDANTS' OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF

To obtain a preliminary injunction, the plaintiff must show: (1) that there is a likelihood of success on the merits; (2) that irreparable harm will result in the absence of preliminary relief; (3) that the balance of hardships favors the plaintiff; and (4) that ordering a preliminary injunction would be in the public interest. *Winter v. Nat. Res. Def. Council Inc.*, 555 U.S. 7, 20 (2008). Plaintiff's Complaint is based upon, generally, two legal theories: (1) that Defendants misappropriated trade secrets and (2) separately, that Defendant Barrios violated his contractual obligations.

Trade Secret Analysis:

Plaintiff asserts claims pursuant to Federal and State law but the elements are generally the same pursuant to the Uniform Trade Secrets Act, and its Arizona state equivalent. To prevail on a misappropriation of trade secrets claim, a plaintiff must establish that: (1) it possessed a trade secret; (2) the trade secret was misappropriated by the defendant; and (3) the misappropriation caused or threatened damages to the plaintiff. *See Gordon Grado M.D.*, 603 F. Supp. 3d at 809.

Plaintiff's Complaint reflects the conjectural nature of the alleged trade secret misappropriation. At page 2 of the Complaint, it states: "…which means that Barrios has almost certainly retained trade secret information for the entire book of business that he managed for AP." At page 4 of its Complaint, Plaintiff indicates: "Defendants would not have been in a position to execute their lightning raid of the book of business if not for sharing AP's information, which Sequel could not have found anywhere else…" Plaintiff similarly misrepresents a multi-year mentoring relationship between Owen Taylor and Defendant Barrios as to the captive insurance industry. Plaintiff characterizes incomplete e-mail exchanges as a conspiracy to raid AssuredPartners' insureds, when the full context reflects Defendant Barrios seeking guidance from Owen Taylor, to serve Plaintiff's clients.

Plaintiff is asserting, factually, that it would be impossible for almost the entire group of insureds within the subject captive insurance delivery program to request broker of record transfers from AssuredPartners to Defendant Sequel without trade secret misappropriation. This is a factual inference that is not supported by the abbreviated and incomplete record submitted by Plaintiff and does not conform to an accurate understanding of broker of record transfers for

- 4 -
DEFENDANTS' OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF

captive insureds. Unlike other insurance clients, non-public policy or other non-public or proprietary information is not required to request a broker of record transfer (Taylor Decl., Paragraph 18; Barrios Decl., Paragraphs 9-10). Therefore, even if all insureds within the subject captive insurance program left AssuredPartners for Defendant Sequel, there is not an automatic inference or proof of exploitation of Plaintiff's intangible assets, including anything that may constitute a "trade secret." Evidence of non-misappropriation is evidenced by insureds that wanted to leave AssuredPartners for Defendant Sequel with non-captive insurance policies. For that subset, those insureds requested their policy information from Plaintiff (meaning that Defendants were not in possession of some "list" or collection of Plaintiff's intangible assets). (Barrios Decl., Paragraphs 9-10.)

Because there is no evidence of trade secret misappropriation or any demonstrated nexus between any alleged misconduct and the transfer of the subject group of insureds, no preliminary orders should be issued.

Contractual Analysis:

Plaintiff analyzes its contractual claims pursuant to Arizona law which is a legal inference that has not been established by the Court. Exhibit B to the Complaint is the Restrictive Covenant Agreement between AssuredPartners of California Insurance Services, LLC and Jason Barrios (the "Agreement"). Plaintiff is identified as AssuredPartners of Arizona, LLC. Standing is a preliminary issue related to any contractual analysis. Plaintiff has not addressed why the contracting party, still an active Limited Liability Company in California (Secretary of State Number 201725810095) is not the named Plaintiff. Plaintiff has, similarly, failed to identify how a California company can enforce a non-compete agreement, unenforceable in California, through an Arizona entity in an Arizona federal district court.

Separately, the Agreement highlights that Defendant Barrios had an independent role and financial relationship with the same group of insureds that left Plaintiff, providing a legitimate and non-actionable explanation for the movement between Plaintiff to Defendant Sequel (Barrios Decl., Paragraph 13). The Agreement specifically identifies at Paragraph 1(c) that Defendant Barrios acts as an independent administrator of the subject delivery captive insurance program

and received Lead Broker Fees directly—a permitted outside exception to direct compensation from Plaintiff to Defendant Barrios while he was an employee. This unique role further explains how Defendant Barrios had a unique relationship with the subject group of insureds and how that group could, as anticipated, move with Barrios if he went to another insurance agency—and such movement would be without inferred misappropriation of intangible assets or contractual violation.

The conjectural nature of Plaintiff's claims continue as a pattern as to contractual claims. At Page 8 of the Complaint, Plaintiff alleges: "On top of this Barrios took the team of AP employees who serviced these accounts, almost certainly after having solicited them to leave while he was an agent of AP." Lawsuits should not be based upon inference. Requests for preliminary orders should be particularly qualified in light of that factual development.

<u>Conclusion:</u>

For all asserted claims, Plaintiff is asking the Court to stop the elective decision of over thirty insureds to choose their own broker, or insurance company. Based upon the Declaration of Jason Barrios, he does not believe there is someone that is sufficiently familiar with the subject captive insurance program to effectively service the group of insureds, which likely explains their mass exodus. Premiums and the average duration of a policyholder are well known quantitative measures and there has not been evidence offered for the Court to consider an extreme injunctive order.

Related, a request for temporary restraining order and preliminary injunction should only be utilized for emergency situations where there is an undisputed proximate nexus between actionable conduct and irreparable harm. In this case, however, the vehicle of an expedited motion for injunctive relief is being used as an imperfectly veiled effort to preclude lawful competition and employment mobility. The record does not justify radical immediate relief that will affect the lawful right of insureds to choose their own broker, the right of an employee to work within the industry of his multi-decade career, and the obligation of a California employer to comply with clear California law as to the unenforceability of non-competes (however characterized in their corollary forms).

- 6 -
DEFENDANTS' OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTIVE RELIEF

For these aforementioned reasons, the Court should deny this false emergency and set the matter for a regularly scheduled motion for preliminary injunction that permits a reasonable time for briefing.

Dated: October 19, 2025

GORDON REES SCULLY MANSUKHANI, LLP

By: *[signature]*
Gaurav Bobby Kalra
Attorneys for Defendants,
Jason Barrios and Sequel Insurance Services, Inc.

Re:   *AssuredPartners of Arizona, LLC. v. Jason Barrios, et al.*
      *United States District Court of Arizona Case No. CV-25-03849-PHX-DJH*

## PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 3 Parkcenter Drive, Suite 200, Sacramento, California 95825 and my email address is mxsmith@grsm.com. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On October 20, 2025, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**DEFENDANTS' OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF**

[]   MAIL: I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California to the offices of the addressee(s) listed below:

**[X]**   BY EMAIL OR ELECTRONIC TRANSMISSION:  Pursuant to CCP § 1010.6, I caused the document(s) to be sent to the person(s) at the E-Mail address(es) listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| Pavneet Singh Uppal, SBN 016805<br>Fisher & Phillips LLP<br>3200 N. Central Avenue, Suite 1550<br>Phoenix, AZ 85012<br>Telephone: (602) 281-3400<br>Fax: (602) 281-3401<br>puppal@fisherphillips.com<br>*Attorneys for Plaintiff* | Michael P. Elkon (pro hac pending)<br>Fisher & Phillips LLP<br>1230 Peachtree Street, Suite 3300<br>Atlanta, GA 30309<br>Telephone: (404) 231-1400<br>Fax: (404) 240-4249<br>melkon@fisherphillips.com<br>*Attorneys for Plaintiff* |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 20, 2025, at Sacramento, California.

_____
MICHELLE SMITH