**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AssuredPartners of Arizona LLC, | No. CV-25-03849-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Jason Barrios, et al., | |
| Defendants. | |

Plaintiff AssuredPartners of Arizona LLC ("Plaintiff") filed an Unopposed Motion for Leave to File Pages 38-45 of Dkt. No. 1-1 Under Seal. (Doc. 23). Plaintiff states that Doc. 1-1 pages 32–45 ("Exhibit C") is a list of Plaintiff's clients that contains further confidential business information, such as client policy numbers, premiums, and revenue. (*Id.* at 1). This list was inadvertently filed alongside Plaintiff's Verified Complaint (Doc. 1) as a part of the public record, and Plaintiff now requests to seal Exhibit C to remedy this error. (Doc. 23 at 2). Defendants Jason Barrios and Sequel Insurance Services, Inc. do not oppose the relief requested. (*Id.*)

All documents filed with the court are "presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "[A] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1095 (9th Cir. 2016) (quoting *Kamakana v. City and Cnty. of Honolulu*, 447

1  F.3d 1172, 1178 (9th Cir. 2006)).

2  Two standards govern requests to seal documents or court records: the "good cause" standard and the "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010) *amended on other grounds by* 605 F.3d 665. "The party seeking to seal a document attached to a non-dispositive motion must meet the lower 'good cause' standard pursuant to Rule 26(c)." *Dish Network L.L.C. v. Sonicview USA, Inc.*, 2009 WL 2224596, at *6 (S.D. Cal. July 23, 2009) (citations omitted).

Here, Exhibit C was attached to Plaintiff's Complaint, not a dispositive motion, and is not integral to Plaintiff's claims. (Doc. 23 at 2). Therefore, the "good cause" standard applies. Good cause requires "a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed." *Torliatt v. Ocwen Loan Servicing, LLC*, 570 F. Supp. 3d 781, 801 (N.D. Cal. 2021) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). Plaintiff argues that Exhibit C contains client information not known to the general public, which would be highly valuable to competitors as it includes, amongst other things, renewal dates and policy types. (Doc. 23 at 5). Further, Plaintiff asserts that the disclosure of Exhibit C would cause it irreparable harm in the form of loss of business, business opportunity, and goodwill. (*Id.* at 6).

The Court agrees that Exhibit C should be filed under seal. Client identities and other confidential client information have been recognized as the type of sensitive business information that warrants filing under seal. *See*, *e.g.*, *Primus Group, Inc. v. Inst. for Envt'l. Health, Inc.*, 395 F. Supp. 3d 1243, 1268 (N.D. Cal. 2019); *Queen's Med. Ctr. v. Kaiser Found. Health Plan, Inc.*, 2014 WL 1234506, *2 (D. Haw. 2014). Plaintiff's competitors could obtain a competitive advantage from obtaining the information in Exhibit C, and, thus, good cause exists for sealing the exhibit.

However, the issue remains that Plaintiff's requested relief is not feasible. Plaintiff did not individually file the exhibits to its Complaint (*see* Doc. 1-1 (containing Exhibits A–C)), and the Clerk's Office is unable to partially seal documents. Therefore, the Court

1  will (1) seal the Complaint with all Exhibits (Doc. 1) and (2) direct Plaintiff to file an
2  Amended Complaint that either redacts or omits Exhibit C.
3      Accordingly,
4      **IT IS ORDERED** that Plaintiff's Motion to Seal (Doc. 23) is **GRANTED**.
5      **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **SEAL**
6  the Complaint and corresponding exhibits (Doc. 1).
7      **IT IS FURTHER ORDERED** that **within one (1) day of this Order**, Plaintiff
8  shall file an Amended Complaint that either redacts or omits Exhibit C.
9      **IT IS FINALLY ORDERED** directing the Clerk of Court to terminate Plaintiff's
10 Motion for Expedited Discovery (Doc. 12) as moot, the parties having reached a Stipulation
11 on the same.
12     Dated this 3rd day of November, 2025.

_____
Honorable Diane J. Humetewa
United States District Judge